UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DESMOND DARRYL HIGGS,

    Petitioner,

v.                                    Civil Action No. 2:23-cv-485

CHADWICK DOTSON,[1]
Director of the Virginia
Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

Pro se Petitioner Desmond Darryl Higgs ("Higgs" or "Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions for first-degree murder, using a firearm while committing or attempting to commit murder, and shooting at an occupied vehicle. Petition (ECF No. 1). Higgs alleges that he was denied his Sixth Amendment right to effective assistance of counsel, denied his constitutional and statutory right to a twelve-person qualified jury, denied his due process rights because the trial court permitted an amendment of the indictment immediately before his trial, and unconstitutionally re-tried after his first trial was declared a mistrial. Id. at 11–16. Respondent Chadwick Dotson ("Respondent") filed a Rule 5 Answer and moved to dismiss Higgs' habeas petition. (ECF Nos. 10, 11). Higgs filed a response in opposition, (ECF No. 16), and the matter was referred to me for a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Rule 72(b)(1) of the Federal Rules of Civil Procedure.

---

[1] Since the filing of the case, Chadwick Dotson was appointed as the Director of the Virginia Department of Corrections. He is therefore automatically substituted as a party pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

Because Higgs filed his federal habeas petition after the statute of limitations expired and he failed to establish grounds for equitable tolling or a plausible claim of actual innocence, I recommend that Respondent's Motion to Dismiss, (ECF No. 10), be GRANTED and Higgs' Petition, (ECF No. 1), be DISMISSED with prejudice.

## I. Factual and Procedural History

### A. Convictions in State Circuit Court

On December 13, 2005, in the Circuit Court of Henrico County, a jury convicted Higgs of first-degree murder, using a firearm while committing or attempting to commit murder, and shooting at an occupied vehicle. Resp't Br. Supp. Mot. Dismiss and Rule 5 Answer ("Resp't Br."), Ex. 1 (ECF No. 12-1, at 1). The court sentenced Higgs to life in prison plus 13 years. Id.

### B. Direct Appeals

Higgs appealed his convictions to the Court of Appeals of Virginia, raising eight (8) assignments of error. Resp't Br., Ex. 2 (ECF No. 12-2, at 3–6). On May 10, 2006, the Court of Appeals of Virginia affirmed the judgment of the trial court in a *per curiam* order. Id. at 1. Higgs filed a petition for a rehearing by the Court of Appeals of Virginia, which was denied by a three-judge panel on August 3, 2006. Id. at 8.

Higgs then appealed to the Supreme Court of Virginia, but the court refused his petition for appeal on February 21, 2007. Resp't Br., Ex. 3 (ECF No. 12-3, at 1). Higgs then requested a rehearing by the Supreme Court of Virginia, which was denied on May 2, 2007. Id. at 2.

### C. State Habeas Proceedings

On August 9, 2007, Higgs filed a petition for writ of habeas corpus in the Circuit Court of Henrico County, alleging ineffective assistance of counsel for the following grounds:

> A. Counsel was ineffective for failing to accept a continuance offered by the trial court when the Commonwealth amended the indictment the day of trial.

2

> B. Counsel was ineffective as counsel was not prepared for trial as evidenced by "no witnesses, no discovery, and no experts."
>
> C. Counsel was ineffective for failing to request a child psychologist be appointed to "explore this child's [a thirteen-year-old witness for the Commonwealth] competence to tell the truth and tell the story straight."
>
> D. Counsel was ineffective for failing to request that the trial court *voir dire* the child witness as to his ability to tell the truth.
>
> E. Counsel was ineffective for failing to request a mistrial after learning that one of the jurors suffered from Attention Deficit Disorder, after the jury was empaneled.

Resp't Br., Ex. 4 (ECF No. 12-4, at 2) (cleaned up). On September 11, 2007, the Circuit Court of Henrico County denied and dismissed Higgs' habeas petition, because Higgs failed to show his counsel's performance was deficient and that he was prejudiced. Id. at 3–8.

Higgs then appealed the Circuit Court's decision to the Supreme Court of Virginia, alleging the following assignments of error:

> 1. The Court erred in finding that counsel's failure to request a continuance did not prejudice petitioner.
>
> 2. The Court erred in finding that trial counsel was not ineffective for failing to request that the trial court voir dire the child witness on his ability to tell the truth.
>
> 3. The Court erred in finding that counsel was not ineffective for failing to request a mistrial after one of the empaneled jurors revealed prior to opening statements that she suffered from Attention Deficit Disorder; that she "confused facts" and stated that he/she was not sure whether he/she could "remember stuff[.]"

Resp't Br., Ex. 5 (ECF No. 12-5, at 17–18)

On February 19, 2009, the Supreme Court of Virginia awarded an appeal on Higgs' third assignment of error. Id. at 1–2. After briefing, the Supreme Court of Virginia held that the Circuit Court of Henrico County made no error in denying Higgs' habeas petition because Higgs failed to meet his burden of proving the prejudice prong under Strickland v. Washington, by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial." Id. at 4, 6–7

3

(quoting Strickland, 466 U.S. at 687 (1984)). On September 24, 2009, the Supreme Court of Virginia affirmed the Circuit Court of Henrico County's dismissal of Higgs' habeas petition. Id. at 10.

### D. Federal Habeas Petition

Almost 14 years later, on September 5, 2023, Higgs filed the instant habeas petition pro se. Petition (ECF No. 1).[2] Higgs raised the following four claims: (1) counsel was ineffective for failing to object to the amended indictment; (2) he was prejudiced because he was denied his constitutional and statutory right to a twelve-person qualified jury—the trial court excused a juror with Attention Deficit Disorder, thus leaving only 11 jurors; (3) he was denied due process because his indictment was amended but the jury did not render a sentence under the amended indictment, resulting in a mistrial; and (4) he was unconstitutionally tried again after a previous mistrial for first-degree murder. Petition (ECF No. 1, 11–16).

On December 21, 2023, Respondent filed a Motion to Dismiss and Rule 5 Answer along with a brief in support. (ECF Nos. 10, 11, 12). Respondent contends that Higgs' Petition is untimely under the federal statute of limitations, and some of Higgs' habeas claims were resolved on procedural grounds and thus are defaulted here.[3] Resp't Br. (ECF No. 12, at 5, 7–8). Higgs provided no reason to excuse his procedural defaults. Id. at 8.

---

[2] For purposes of calculating the statute of limitations, filing by a *pro se* inmate occurs when he delivers his pleading to prison officials for forwarding to the court clerk. Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991). When the date the pleading was delivered to prison officials is not available in the record, the date of signature is used as a default date for the actual failing date, as this date favors a petitioner in the statute of limitations analysis. See Hall v. Johnson, 332 F. Supp. 2d 904, 907 n. 3 (E.D. Va. 2004). Here, the envelope attached to Higgs' Petition was stamped by the prison's mailroom on September 5, 2023, and thus the court will consider this date Higgs' Petition filing date. See Petition, Ex. 2 (ECF No. 1-2, 1).

[3] Respondent addressed each of Higgs' claims, and argued they are all simultaneously exhausted and defaulted from federal review because Higgs' claims would be procedurally barred under state law if raised now, and the Court of Appeals of Virginia held that certain issues were procedurally defaulted. Resp't Br. (ECF No. 12, at 9–12).

On January 2, 2024, Higgs filed a Rule 60(b) motion purporting to seek relief from the final judgment of the Circuit Court of Henrico Count in matters CR04-5251-01F and CR04-5252-01F. Rule 60(b) Mot. (ECF No. 14, at 1). In this motion, Higgs also requested a reopening of the case as amended under matter CR05-2259-00F, on the ground that the Circuit Court lacked jurisdiction to enter the judgment. Id. In the context of federal habeas relief, a true Rule 60(b) motion challenges "some defect in the integrity of the federal habeas proceedings." United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005)). However, Higgs' motion does not challenge a prior ruling of this court in his federal habeas proceedings. See Rule 60(b) Mot. (ECF No. 14). Instead, his motion attacks his underlying convictions in the Circuit Court of Henrico County and "seeks an adjudication on the merits of Petitioner's habeas corpus claims."[4] See id. Consequently, Higgs' motion is not a true Rule 60(b) motion. And because this court has not resolved Higgs' federal petition in the first instance, it cannot be characterized as a motion to reconsider. See United States v. Winestock, 340 F.3d 200, at 208 ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.")

Finally, on January 16, 2024, Higgs also filed a Motion to Amend his Pleading under Rule 15(a). Mot. Amend Pleading (ECF No. 15). Higgs requested to add a claim that his appellate counsel was also ineffective for failing to raise an available argument on sentencing.[5] Id. at 2.

---

[4] Gonzalez, 545 U.S. at 530 (quoting Woodford v. Garceau, 538 U.S. 202, 207 (2003)) (cleaned up); see United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("[N]ew legal arguments . . . will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.").

[5] This court will GRANT Higgs' Motion to Amend and consider Higgs' Petition with the new allegations of ineffectiveness. However, this new claim does not change the analysis. Thus, as recommended in this Report, Higgs' newly added claim should also be dismissed as time barred.

5

On January 29, 2024, Higgs filed a response opposing Respondent's Motion to Dismiss. Petitioner's Resp. in Opp'n to Mot. Dismiss ("Petitioner's Opp'n") (ECF No. 16). Higgs argues he is entitled to equitable tolling due to the cumulative effect of his counsel's errors. Id. at 2. In addition, Higgs contends that the evidence at trial was insufficient to prove elements of his convictions. Id. at 3–6.

## II. Analysis

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, Higgs challenged his convictions on the grounds of ineffective assistance of counsel, an unqualified jury, denial of due process, and double jeopardy after his first trial was declared a mistrial. Petition (ECF No. 1, at 11–16). But, the statute of limitations bars Higgs from raising those claims now, and Higgs offers no valid reason to excuse his untimely filing. I therefore recommend this court GRANT Respondent's Motion to Dismiss, (ECF No. 10), and DISMISS Higgs' Petition under 28 U.S.C. § 2254, (ECF No. 1), with prejudice.

### A.   Higgs' Petition is Time-Barred

Higgs filed his federal habeas petition almost 13 years after the applicable statute of limitations expired. A prisoner seeking federal habeas corpus relief from a state court conviction is subject to a one-year statute of limitations period, which runs from the latest of the date on which: (A) the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the impediment to filing an application created by state action is removed; (C) the constitutional right asserted was newly recognized by the Supreme Court and made retroactively applicable; or (D) the factual predicate of claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2254(d)(1). Among the four above-mentioned circumstances in § 2254(d)(1), only the first is involved in this case. In calculating

when direct review of a state criminal conviction becomes final, the ninety days for seeking review by the Supreme Court of the United States shall also be included. Lawrence v. Florida, 549 U.S. 327, 333 (2007).

On May 2, 2007, the Supreme Court of Virginia denied Higgs' request for a rehearing on his petition for appeal. Resp't Br., Ex. 3 (ECF No. 12-3, at 2). Higgs did not seek certiorari in the Supreme Court of the United States. As a result, ninety days after May 2, 2007, Higgs' conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. §§ 2101(c), 2254(d)(1). Therefore, the one-year statute of limitations for Higgs' federal habeas petition began to run on July 31, 2007.

Higgs filed his state habeas petition on August 9, 2007, at which point nine (9) total days of the federal statute of limitations had run. See Resp't Br., Ex. 4 (ECF No. 12-4, at 2). This state petition tolled the statute of limitations, leaving 356 days remaining (365 days minus 9 days). Tolling ended and the limitations period began to run again, on September 24, 2009, when the Supreme Court of Virginia affirmed the Circuit Court of Henrico County's dismissal of Higgs' habeas petition. See Resp't Br., Ex. 5 (ECF No. 12-5, at 10). On September 15, 2010, 356 days later, the statute of limitations expired.

Therefore, to be timely, Higgs needed to file his federal habeas petition by September 15, 2010. Higgs did not file his federal habeas petition until September 5, 2023, almost 13 years late, and consequently his federal habeas petition is time-barred.

**B. Higgs Presented Insufficient Evidence to Warrant Equitable Tolling**

Higgs requests equitable tolling of the statute of limitations, Petitioner's Opp'n (ECF No. 16, at 2), but he fails to present sufficient evidence to warrant such relief. In exceptional cases, a federal habeas petitioner may be entitled to equitable tolling of the one-year statute of limitations.

7

Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). The Fourth Circuit limits equitable tolling to those rare circumstances "where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (internal citation and quotation omitted). To establish grounds for equitable tolling, a petitioner must show the following two essential elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Higgs fails to meet his burden of establishing any of the elements for equitable tolling.

Regarding the first element, the diligence required is "reasonable diligence, not maximum feasible diligence." Id. at 653 (internal citation and quotation omitted). Because Higgs did not exercise "reasonable diligence," he did not establish that he diligently pursued his rights. See id. Higgs presented no evidence to demonstrate that he acted with reasonable diligence to pursue his rights during the 13-year delay; nor did Higgs provide any explanation as to why he waited almost 13 years to file his federal habeas petition. See Petition (ECF No. 1); Petitioner's Opp'n (ECF No. 16); Scott v. Clarke, No. 3:14-CV-134, 2014 U.S. Dist. LEXIS 165639, 2014 WL 6712678, at *4 (E.D.Va. Nov. 25, 2014) (finding that the petitioner did not demonstrate that "he acted with requisite diligence" when he waited nearly two years and seven months to file his federal habeas petition and "has not provided any specific facts relating to his efforts to pursue his § 2254 Petition during the one-year period" before the statute of limitations expired). Therefore, Higgs fails to establish the first element of the Holland test.

Regarding the second element, an "extraordinary circumstance" is established only when a petitioner presents (1) extraordinary circumstances, (2) beyond his control or external to his own

8

conduct, (3) that prevented him from filing on time. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Higgs requests equitable tolling based on the cumulative effect of his defense counsel's errors, and specifically argues that his counsel erred in all manners enumerated in his claims for relief. Petitioner's Opp'n (ECF No. 16, at 2). However, the performance of Higgs' defense counsel in the state trial court did not prevent him from filing his federal habeas petition on time. These errors were identified when Higgs first filed for habeas relief in 2009. The alleged errors of his trial counsel cannot constitute an "extraordinary circumstance" which prevented a timely filing, and thus Higgs fails to establish the second element of the Holland test.

Because Higgs fails to establish either element of the Holland test, he is not entitled to equitable tolling of the statute of limitations.

### C.      Higgs Presented No Evidence of Actual Innocence to Overcome the Time Bar

To overcome the statute of limitation by making a credible showing of actual innocence, a petitioner must produce new reliable evidence to show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." McQuiggin v. Perkins, 569 U.S. 383, 395 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). To be credible, an actual innocence claim requires the petitioner to provide "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324.

Higgs asserts that the evidence at trial was insufficient to prove essential elements of his convictions. Petitioner's Opp'n (ECF No. 16, at 3–6). Particularly, Higgs argues that proof of premeditation was missing in the charge of his first-degree murder. Id. In support of his argument, Higgs claims (1) that the trial court wrongfully allowed the Commonwealth to amend the second-degree murder to a first-degree murder, (2) that the Virginia criminal law was unconstitutionally

vague and uncertain because the legislature failed to define prohibited conduct with sufficient clarity. Id. at 3, 6.

However, Higgs bases his arguments on the same errors that he claimed in his state appeal. See Resp't Br., Ex. 2 (ECF No. 12-2, at 3–6). Because Higgs fails to present any new reliable evidence in this petition, he fails to plausibly allege a claim of actual innocence. See Thomas v. Taylor, 170 F.3d 466, 474–75 (4th. Cir. 1999) ("[A]n evidentiary hearing in a federal habeas corpus proceeding is mandatory only where there is a factual dispute which, if resolved in the petitioner's favor, would entitle the petitioner to relief and the petitioner has not received a full and fair evidentiary hearing in state court.").

### III. Conclusion and Recommendation

For the foregoing reasons, I recommend that the court GRANT Respondent's Motion to Dismiss, (ECF No. 10), and DISMISS Higgs' Petition under 28 U.S.C. § 2254, (ECF No. 1), with prejudice.[6]

### IV. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A

---

[6] On January 29, 2024, Higgs also filed a motion for summary judgment to ask this court to grant his petition for writ of habeas corpus. Petitioner's Mot. Summ. J. (ECF No. 17). Considering the analyses set forth above, I also recommend that the court DENY Higgs' motion for summary judgment, (ECF No. 17), and Rule 60(b) motion, (ECF No. 14).

party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

_____
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 12, 2024

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Desmond Darryl Higgs**
No. 1145356
VA DOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

and an electronic copy was provided to:

**J. Brady Hess**
Assistant Attorney General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By ___E. Price___

Deputy Clerk

___April 12,___, 2024